Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2223 | **DATE** | 7/13/2000 |
| **CASE TITLE** | IL Dist Council No 1 et al vs. Precast Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/18/2000 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 7-1) to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUL 14 2000 date docketed | |
| ✓ | Docketing to mail notices. | | 12 |
| | Mail AO 450 form. | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | SCT courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

| | | |
|---|---|---|
| ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 00 C 2223 |
| PRECAST SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we deny Defendant's motion.

### BACKGROUND

This motion asks whether an action to enforce an arbitration award is deficient if the award does not set forth a specific damage amount, instead relying upon a formula as a vehicle for calculating said damages. Plaintiff Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, AFL-CIO ("ILDC") seeks to enforce a labor arbitration award against Precast Services, Inc.

("Precast"). Precast challenges the sufficiency of Plaintiff's complaint, the factual allegations of which we utilize here, and must accept as true for the purposes of this motion. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir.1993).

On July 25, 1990, Precast and ILDC entered into a collective bargaining agreement ("the Agreement") which bound Precast to labor agreements negotiated between ILDC and various employer associations, known as "Association Agreements." Article XII of one Association Agreement provides that labor disputes are to be resolved by arbitration. On July 2, 1999, ILDC allegedly notified Precast of its belief that Precast violated certain obligations created by an Association Agreement and that, pursuant to Article XII, a hearing would be held before a Joint Arbitration Board ("JAB").

The hearing was held on July 22, 1999 with representatives from ILDC present in support of the grievance, but without any Precast representatives in attendance. After hearing the case before it, the JAB sustained the grievance, and found that by not employing a composite crew of bricklayers on its current job site, Precast violated certain provisions of the labor agreement (specifically Articles IV, V, VI, VII, XIX, and XXXII) between it and an employer association. The award bound Precast to employ a composite crew of bricklayers equal to one half of the crew on the site.

Based on the current size of the composite crew, the award compelled Precast to employ two bricklayers, not including the foreman. If Precast failed to comply with this decision, it would have to pay monetary damages.

ILDC claims that it sent Precast a copy of the JAB award on September 9, 1999, but Precast has not come into compliance with it. ILDC subsequently filed suit to enforce the JAB Award and collect the damages set forth in the award. Precast responded with this motion to dismiss.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. See Bontkowski, 998 F.2d at 461. The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Insurance Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Center,

Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. See Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. See Fed.R.Civ.P. 10(c). In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993).[1] It is with these principles in mind that we address the motion before us.

## DISCUSSION

Precast maintains that the award is so vague and ambiguous the Court cannot compel its enforcement or quantify ILDC's alleged damages. Specifically, Precast

---

[1] Precast has attached three exhibits to its reply brief, which we consider an improper attempt to present evidence to the Court. Thus, we will disregard these documents.

claims the award fails to set forth: (1) the location of the site in which ILDC's grievance arises; (2) the date(s) of the alleged violations of the collective bargaining agreement (which Precast also argues as the length of time Precast failed to employ the workers who should have been part of the composite crew at the site); and (3) the terms of the association agreement that the JAB determined Precast violated.[2] Thus, Precast urges that we should dismiss ILDC's complaint for failing to state a claim for which relief may be granted.

**A. Site Location**

It is well-settled that judicial review of an arbitrator's award pursuant to a collective bargaining agreement is extremely limited. See Sullivan v. Lemoncello, 36 F.2d 676, 683 (7th Cir. 1994). Nonetheless, reviewing courts must ensure that the award is not ambiguous. District courts may not interpret an ambiguous arbitration award, but must return it to the arbitrator for clarification. See United Steel Workers of America v. Danly Machine Corp., 852 F.2d 1024, 1027 (7th Cir. 1988). However, where an arbitration award is clear and unambiguous, and the arbitrator did not exceed

---

[2]Precast also raises various additional grounds for dismissal in its reply brief. It is well-settled that movants may not sand-bag their opponents by raising new arguments in the reply brief. We will not sanction such practice, but sua sponte strike all such arguments. Thus, our analysis is limited solely to those grounds set forth in Precast's initial motion to dismiss, with consideration given to the arguments on these grounds contained in the reply brief.

his authority under the contract, courts must enforce the award as written. See Massachusetts Casualty Ins. Co., North American Reassurance Co., No. 89 C 7744, 1990 WL 7176, at *3 (N.D. Ill. Jan. 17, 1990).

Precast argues that the award at issue is vague because it fails to identify the site's location. Precast has not cited any case law showing an award must unequivocally state the location of the alleged violation. Given that Plaintiff represents the site's location is part of the arbitral record, we believe mentioning the site's location is not fatal but is correctable. Thus, this omission is at best a factual error concerning a peripheral factor that does not impact the enforcement of the award. See National Wrecking Co. v. International Bhd. of Teamsters, Local 731, 990 F.2d 957, 960 (7th Cir. 1993). This is insufficient to warrant dismissing ILDC's action.

**B. Violation Dates**

Precast next argues that neither the award nor the complaint clearly sets forth the dates on which it violated the agreement, rendering the damages incapable of determination and thus, fatally unclear. We disagree. The award states:

> that if Precast Services, Inc. does not employ the required number of bricklayers on a composite crew, then [Precast] will be required to pay as damages an amount equal to the total wage and benefit package that would be paid for two bricklayers from the starting date of the job until the completion date of the job * * * If [Precast] does not create a composite crew as ordered and the size of the crew performing the work in question on the current job changes after the date of the hearing, either party may request at the first hearing after it becomes

aware of a change in the crew size that the damage award be revised to provide that the damages are based on the proper number of employees.

Plainly, the award does not state that Precast would be fined one day of a bricklayer's wages for every day it was in violation of the agreement and award, by failing to hire two bricklayers. Instead, for purposes of this motion, we read this clause as imposing upon Precast a blanket penalty composed of the total benefits package that would have been paid to a bricklayer <u>for the entire job</u>, which would be triggered by Precast's failure to create the requisite composite crew. The dates of violation do not add anything to this calculation. Rather, they are necessary only to establish causation to show that Precast breached the award, which can be established by independent evidentiary means, such as the arbitral record. In addition, because work at the site was still in progress, the JAB could not have formulated the number of days for the violation. By itself, we believe the Award sufficiently sets forth a time frame to calculate damages, beginning with the starting date of the site to its completion date. Thus, the award is not deficient in this fashion.[3] Rather, we believe that the enforcement of the award withstands a motion to dismiss because it sufficiently sets

---

[3] Likewise, the dates need not have been specifically plead in the complaint, but ILDC must only have set forth a "short and plain statement of the claim showing that [it] is entitled to relief." Fed. R. Civ. Proc. 8(a).

forth a factual basis from which we can quantify the damages amount and compel its enforcement, if so warranted.[4]

Precast argues that because the court in San Antonio Newspaper Guild Local No. 25 v. San Antonio Light Div., 481 F.2d 821 (5th Cir. 1973), refused to enforce an ambiguous award relating to financial matters, we should likewise rule that the award here is ambiguous and unenforceable. Precast's reliance on San Antonio Newspaper Guild, however, is misplaced because it is distinguishable from the case at hand. In San Antonio Light, the court ruled that the first of two arbitration awards was ambiguous and unenforceable primarily because the second arbitrator clarified the first award. The court refused to resolve the original award's ambiguity because the second arbitrator already accomplished that goal, and thus it was unnecessary to remand the award to the first arbitrator. The court also refused to enforce the original award because it was silent on severance and dismissal pay, both of which were essential components of the damage award. Id. at 824. In contrast, as discussed previously the award here is unambiguous because it sets forth the parameters for readily calculating a damage amount. Further, there is only one arbitration award before the Court, not

---

[4]Furthermore, we are not "stepping into the shoes" of the JAB to determine an appropriate amount of damages, but are merely examining the award in light of the Agreement to determine its clarity and ambiguity, using the formulation set forth by the JAB.

a multi-tier arbitration process. Thus, we decline to apply <u>San Antonio Newspaper Guild</u>.

Nor does other case law mandate that a lack of a dollar amount in an arbitration award deems it so ambiguous and indefinite to warrant returning it to the JAB for clarification. In <u>United Steel Workers of Am. v. Enterprise Wheel and Car Corp.</u>, 363 U.S. 593, 597 (1960), the Supreme Court reviewed an arbitration award where the arbitrator had ordered reinstatement of wrongfully terminated employees and back pay minus certain deductions. The Court held that the failure of the arbitrator to specify the specific deduction amounts did not prevent the award from being final and enforceable. 363 U.S. at 598. Similarly, the 7th Circuit has held that an arbitrator's award is final and definite when an outstanding damage issue is susceptible to resolution by ministerial action. See <u>Flender Corp. v. Techna-Quip</u>, 953 F.2d 273, 280 (7th Cir. 1992). Here, as discussed above, the damage amount is susceptible to resolution by applying the formula in tandem with certain evidence showing that a violation occurred, and the total wage and benefit package of two bricklayers at the job site for the entire job (which may be proven by referring to the contract). Thus, we do not believe that ILDC cannot prove a set of facts in support of its claim which would entitle it to relief.

## C. Violated Agreement Terms

Finally, Precast makes the argument that the award is deficient because it fails to set forth the agreement terms it violated, thus rendering the award unclear. Other than this assertion, Precast does not cite any supportive case law, nor attempt any form of a structured argument. Thus, we deem it waived, and will not consider it further.

## CONCLUSION

For the foregoing reasons, we deny Precast's motion to dismiss.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: July 13, 2000